MARTHA CRAIG DAUGHTREY, Circuit Judge.
I concur with the majority’s conclusion that the plaintiff, Lisa Ambrose, established a prima facie case of an Equal Pay Act violation based on evidence that Summit Polymers compensated its female employees at a lesser rate than its male em•ployees for equal work. I part company with the majority, however, over its holding that any rational juror must believe that the gender of the employee played no part in the differences in pay evident at the defendant’s place of business. Because I believe that the majority’s conclusion can be rationalized only by ignoring well-established principles undergirding the Equal Pay Act and because summary judgment was inappropriate in this case, I respectfully dissent.
*110 The burden placed upon a defendant to establish one of the statutory defenses to a plaintiffs prima facie case in an Equal Pay Act case “is a heavy one.” Kovacevich v. Kent State Univ., 224 F.3d 806, 826-27 (6th Cir.2000). Consequently, the evidence before this court must be clear that the plaintiffs gender could not, under any circumstances, have played a part in supporting the obvious, egregious pay differential between men and women at Summit Polymers. I am convinced that the appellate record plainly indicates that this “heavy” burden has not been successfully borne by the defendant.
To support my belief that Ambrose has identified genuine issues of material fact that should defeat Summit Polymers’s request for summary judgment, I emphasize two troubling aspects of the evidence before the district court in this litigation. First, in arguing that Ambrose’s gender played no part in the challenged pay differential, the company asserts that any disparity in wages resulted not from gender bias, but from a company policy to reward job skills and experience with higher salaries. Nevertheless, when confronted by Ambrose about the possible discrimination evidenced by the greater pay awarded male employees, Roodbeen and Boyer, the plaintiffs supervisors, assured the plaintiff that they were working to eliminate the disparity but that any relief would have to be incremental. Such a promise seems odd, however, if the basis for the pay differences were the employees’ levels of skill and experience — factors beyond the control of any supervisor to “correct.” At the very least, this inconsistency demands resolution at trial, not by a summary disposition glossing over real questions of motive.
Second, Ambrose has raised a genuine issue regarding the defendant’s true reasons for the pay disparities by highlighting the salary histories, educational backgrounds, and relevant work experience of employees within the design department at Summit Polymers. For example, Christine Miller, an individual with 16 years of experience, joined the department in 1994 at a salary of $29,463. By 1999, she was paid $37,250, and by 2003, her base salary had risen to $44,000. In contrast, Reiker Schultz was hired by the defendant in 1999 with “no prior related experience” at a base salary of $20,800, $16,450 less than Miller’s annual salary at that time. Yet, by 2003, although neither Miller nor Schultz received any negative comments during reviews over the relevant time period, Schultz’s base annual salary had risen to $43,884, only $116 less than that of a female with 21 more years of relevant job experience. The defendant rationalizes that the enormous salary increases given to Schultz to equalize his salary with that of Miller in only four years were based upon factors other than the employees’ genders. Such an innocent explanation is not surprising; after all, Summit Polymers is being sued in this litigation for discrimination, not for abject stupidity. Nevertheless, the glaring fact remains that the company made herculean efforts to retain a male employee whose relevant work experience amounted to a virtual employment-lifetime less than that of a female colleague. If such evidence does not create at least a genuine issue of material fact concerning the defendant’s alleged basis for gross pay disparities, I am unsure what testimony and documentary proof any future plaintiffs could advance to forestall premature dismissal of potentially meritorious claims of discrimination.
Because I believe that Ambrose has raised genuine issues of material fact that are both central to resolution of her claim and obviously in dispute, I respectfully dissent from the district court’s judgment granting summary judgment to the defen *111 dant. Instead, I would reverse and remand this matter for a trial on the merits.